# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| SIMON AOUAD | ) | Case Number: DPAE212CR000570-001 |
| | ) | USM Number: 68678-066 |
| | ) | Nino Tinari, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   1, 2, & 9

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy | 11/1/2008 | 1 |
| 18:1343 and 2 | Wire Fraud & Aiding & Abetting | 11/1/2008 | 2 |
| 18:1344 and 2 | Bank Fraud and Aiding & Abetting | 11/1/2008 | 9 |

The defendant is sentenced as provided in pages 2 through   11   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   3 thru 8   ☐ is   ☒ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/31/2014
Date of Imposition of Judgment

Signature of Judge

C. Darnell Jones II, Judge USDC EDPA
Name and Title of Judge

April 2, 2014
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 11

DEFENDANT: AOUAD, SIMON
CASE NUMBER: 12.CR.570, 13.CR.426

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12.CR.570 - Cts. 1 - 60 MONTHS, 2, & 9 - 70 MONTHS - to run concurrently
13.CR.426 - Ct. 1 - 70 MONTHS - to run concurrent to sentence in 12.cr.570
TOTAL PERIOD OF INCARCERATION - 70 MONTHS

☒ The court makes the following recommendations to the Bureau of Prisons:
Defendant to participate in the RDAP program
Defendant to participate in vocational training.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:
  ☒ at 09:30 ☒ a.m. ☐ p.m. on 5/30/2014 .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       AOUAD, SIMON
CASE NUMBER:     12.CR.570, 13.CR.426

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

12.CR.570 - cts. 1, 2, & 9 - 5 YEARS and 13.CR.426 - ct 1 - 5 YEARS - to run concurrently

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: AOUAD, SIMON
CASE NUMBER: 12.CR.570, 13.CR.426

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a mental health program for evaluation and/or treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in full compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

The defendant shall participate in a vocational training program and abide by the rules of any such program until satisfactorily discharged.

The defendant shall participate in a mental health treatment program and abide by the rules of any such program until satisfactorily discharged.

It is further ordered that the defendant shall make restitution in the total amount of $5,339,282.00. The Court will waive the interest requirement in this case. Payments should be made payable to Clerk, U.S. District Court, for proportionate distribution to the following victims in the following amounts: (SEE PAGES 7 & 8)

The resitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum of $25 per quarter towards the fine. In the event the restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200, to commence 30 days after release from confinement.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

It is further ordered that the defendant shall pay to the United States a total special assessment of $400, which shall be due immediately.

The amount ordered represents the total amount due to the victims for the losses. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendants in the following cases may be subject to restitution orders to the same victims for the same losses: (SEE PAGES 9 & 10)

Cases in U.S. District Court - Eastern District of PA
John Lucidi, Jr - 2:11cr.388.01
Eric Maratea - 2:12.cr.219.01
Eric Itzi - 2:12.cr.221.01
Timothy Cook - 2:12.cr.222.01
Daniel Mumbower - 2:13.cr.524
Michael Smith - 2:12.cr.259.01

Cases in U.S. District Court - District of New Jersey
Fredric M. Diantonio - 1:13.cr.0074.01
Louis Catarro - 1:13.0074.02
Kathryn W. Lockwood - 1:13.cr.0074.03
Thomas E. Morello - 1:13.cr.0074.04

Cases in U.S. District Court - District of Massachusetts (if convicted and ordered)
Michael Lee - 1:09.cr.10050.01
Michael Hicks - 1:09.cr.10299.01
Richard Lane - 1:12.cr.10021.01
Gerald Cathie - 1:12.cr.10077 and 1:12.cr.10029.01

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 11

DEFENDANT: AOUAD, SIMON
CASE NUMBER: 12.CR.570, 13.CR.426

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 5,339,282.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE PAGES 8 & 9 | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

|  |  |
|---|---|
| DEFENDANT: AOUAD, SIMON | Judgment — Page 6 of 11 |
| CASE NUMBER: 12.CR.570, 13.CR.426 |  |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☒  Payment to begin immediately (may be combined with   ☐ C,   ☒ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☒  Payment in equal **monthly** *(e.g., weekly, monthly, quarterly)* installments of $ **200.00** over a period of **yeaars** *(e.g., months or years)*, to commence **30** *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

(SEE PAGES 9 & 10)

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
12.cr.570 - $3,425,468.00   13.cr.426 - $225,000 - ordered joint and several (SEE PAGE 11)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**AOUAD, SIMON**                                                    **PAGE 7 OF 11**
**12.CR.570, 13.CR.426**

Defendant restitution payments shall be made payable to Clerk, US District Court for distribution to the following victims in the following amounts:

| | |
|---|---|
| Wells Fargo Bank, NA<br>Fraud Investigations<br>P.O. Box 912038<br>Denver, CO 80291-2038 | $536,700 |
| Bank of America Home Loans<br>Attn:  Donna McLauchlin<br>NC4-105-02-11 (Cash Remittance-Fraud)<br>4161 Piedmont Parkway<br>Greensboro, NC 27410 | $339,489 |
| Citimortgage<br>c/o FPI<br>1000 Technology Drive<br>Mailstop # 367<br>O'Fallon, MO 63368 | $958,983 |
| Ocwen Loan Servicing<br>1661 Worthington Road<br>Suite 100<br>West Palm Beach, FL 33409 | $500,248 |
| PNC Bank<br>Mail Stop BR-YB58-01-5<br>6750 Miller Road<br>Breckersville, OH 44141-3262 | $325,501 |
| United Guarantee Residential Life Insurance<br>Attn:  Bryson Trodgoon, Appeals Department<br>230 North Elm Street<br>Greensboro, NC 27401 | $55,500 |
| JP Morgan Chase<br>Attn:  Kathy T. Val<br>Recovery Investigative Group<br>Mail Code FL5-3208<br>10151 Deerwood Park Boulevard<br>Building 300, Floor 2<br>Jacksonville, FL 32256 | $1,058,875 |

**AOUAD, SIMON**  **PAGE 8 OF 11**
**12.CR.570, 13.CR.426**

| | |
|---|---|
| HSBC Mortgage Corporation<br>P.O. Box 5249<br>Carol Stream, IL 60197-5249 | $341,800 |
| Santander Bank<br>MA1-MB3-02-05<br>2 Morrissey Boulevard<br>Dorchester, MA 02125 | $338,948 |
| Fannie Mae<br>Legal Department<br>3900 Wisconsin Avenue NW<br>Washington, DC 20016 | $366,000 |
| Taylor Bean & Whitaker<br>TB&W National Headquarters<br>315 NE 14th Street<br>Ocala, FL 34470 | $367,938 |
| Residential Credit Solutions<br>4708 Mercantile Drive<br>Fort Worth, TX 76137 | $149,300 |

**AOUAD, SIMON**  **PAGE 9 OF 11**
**12.CR.570, 13.CR.426**

The defendant's restitution obligation is joint and several with the following individuals, in the following amounts:

| NAME | CRIM. CASE NO. | AMOUNT |
| --- | --- | --- |
| Daniel Mumbower | 13-524 | $269,598 to Ocwen |
| | | $536,700 to Wells Fargo |
| | | $136,709 to JPMorgan Chase/Chase Home Fin. |
| | | $185,700 to PNC |
| Gerald Cathie | 12-10077 (D.Mass.) | $250,547 to Bank of America |
| | | $260,359 to Citimortgage |
| | | $220,796.56 to JPMorgan Chase |
| | 12-10029 (D.Mass.) | $367,938 to Taylor Bean & Whitaker |
| John C. Ludici, Jr. | 11-388 (EDPA) | $692,651 to JPMorgan Chase/Chase Home Fin. |
| | | $149,300 to Residential Credit Solutions |
| | | $88,816 to Bank of America |
| | | $958,983 to CitiMortgage |
| | | $325,501 to PNC Bank |
| | | $500,248 to Ocwen Financial Corporation |
| | | $133,800 to Wells Fargo |
| Michael Hicks | 09-10299 (D.Mass) | $321,000 to Taylor Bean & Whitaker |
| | | $341,800 to HSBC Mortgage Corp. |
| | | $366,000 to Fannie Mae |
| | | $305,000 to JPMorgan Chase/Chase Home Fin. |
| | | $178,190 to Bank of America |
| | | $55,500 to United Guarantee Res. Life Ins. |
| Michael Lee | 09-10050 (D.Mass) | $341,800 to HSBC Mortgage Corp. |
| | | $366,000 to Fannie Mae |
| | | $305,000 to JPMorgan Chase/Chase Home Fin. |
| | | $234,000 to Bank of America |
| | | $55,500 to United Guarantee Res. Life Ins. |

**AOUAD, SIMON**                                          **PAGE 10 OF 11**
**12.CR.570, 13.CR.426**

| | | |
|---|---|---|
| Richard Lane | 12-10021 (D.Mass) | $355,000 to Taylor Bean & Whitaker |
| | | $341,800 to HSBC Mortgage Corp. |
| | | $366,000 to Fannie Mae |
| | | $305,000 to JPMorgan Chase/Chase Home Fin. |
| | | $234,000 to Bank of America |
| | | $55,500 to United Guarantee Res. Life Ins. |
| Timothy Cook | 12-222 (EDPA) | $340,942 to JPMorgan Chase/Chase Home Fin. |
| | | $149,300 to Residential Credit Solutions |
| | | $126 to Bank of America |
| | | $367,938 to Taylor Bean & Whitaker |
| | | $341,800 to HSBC Mortgage Corp. |
| | | $366,000 to Fannie Mae (FNMA) |
| Eric Maratea | 12-219 (EDPA) | $563,340 to CitiMortgage |
| Eric Itzi | 12-221 (EDPA) | $230,650 to Ocwen Financial Corporation |
| | | $135,284 to CitiMortgage |
| | | $139,801 to PNC Bank |
| Michael Smith | 12-259 (EDPA) | $247,059 to CitiMortgage |

**AOUAD, SIMON**  **PAGE 11 OF 11**
**12.CR.570, 13.CR.426**

The defendant's forfeiture obligation is joint and several with the following individuals in the following amounts:

| NAME | CRIM. CASE NO. | AMOUNT |
| --- | --- | --- |
| Daniel Mumbower | 13-524 (EDPA) | $1,128,707 |
| Gerald Cathie | 12-10077 (D.Mass.) | $2,910,861.95 |
| John C. Ludici, Jr. | 11-388 (EDPA) | $2,972,825 |
| Michael Hicks | 09-10299 (D.Mass) | $180,500 |
| Michael Lee | 09-10050 (D.Mass) | $550,000 |
| Richard Lane | 12-10021 (D.Mass) | $24,500 |
| Timothy Cook | 12-222 (EDPA) | $705,415.73 |
| Eric Maratea | 12-219 (EDPA) | $563,340 |
| Eric Itzi | 12-221 (EDPA) | $473,142.23 |
| Michael Smith | 12-259 (EDPA) | $247,059 |