IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | Nos. 12-570 and 13-426 |
| SIMON AOUAD, | : | |
| *Defendant*. | : | |

**Jones, II J.**                                                                                              **August 3, 2017**

## MEMORANDUM

Simon Aouad is a federal prisoner at the D. Ray James Correctional Institution in Folkston, Ga. Following guilty pleas in two separate cases involving conspiracy to commit wire fraud and bank fraud, this Court sentenced Aouad to seventy months in prison and ordered restitution, jointly and severally with co-defendants, of more than $5 million. He filed a separate *pro se* motion under 28 U.S.C. § 2255 in each case, asserting ineffective assistance of counsel related to his court-ordered restitution. For the following reasons, the motions are denied with prejudice.

### RELEVANT BACKGROUND

The two indictments against Aouad were filed in the Eastern District of Pennsylvania (Criminal No. 12-570) and the District of Massachusetts (Criminal No. 13-426). The cases were subsequently consolidated before this Court.

In the Pennsylvania action, Aouad admitted to recruiting straw purchasers who applied for mortgages and used the proceeds to purchase homes at fraudulently inflated prices in New Jersey. *See* Cont. Plea Hr'g 28-29, ECF No. 48 (No. 12-570). The purchasers were not generally qualified for the loans. Nonetheless, they received loans with the help of a co-conspirator who worked as a mortgage broker. *Id.* After the closings, most of the purchasers

1

made few or no payments on the mortgages, causing the lenders to foreclose and attempt to resell the homes to recoup their losses. *Id.* at 34. Aouad also pled guilty to earning money from lines of credit fraudulently obtained with the assistance of a loan broker. *Id.* at 34-35. He helped individuals obtain lines of credit and loans using false borrower information. *Id.* In the Massachusetts action, he admitted to participating in a mortgage fraud scheme similar to the one alleged in the Pennsylvania action. *Id.* at 38-39.

Aouad pled guilty in both cases. *See* ECF No. 26 (No. 12-570) and ECF No. 3 (No. 13-426). As part of his plea agreement, he agreed to make "restitution as directed by the court." Plea Agr. ¶ 5, ECF No. 27 (No. 12-570). Aouad waived his right to appeal his conviction and sentence. *Id.* at ¶ 12. The parties stipulated as to their disagreement "about the amount of loss that was intended fraud loss." *Id.* at ¶ 10a, e.

Defense counsel later formally objected to the Government's estimated loss amount of $5.4 million—a sum adopted by the pre-sentence investigation report. The Government calculated its loss amount with a simple formula: it added the unpaid principal balance of the mortgages, including fees, which it deduced from public records and documents requested from the victim banks, and from that amount, it subtracted the resale or fair market value of the relevant properties. *Id.* In total, the calculated losses from sixteen loans involved in the scheme and the lines of credit were over $5,462,682. Cont. Sent. Hr'g 5, ECF No. 49 (No. 12-570). Defense counsel, meanwhile, argued that the Court should impose restitution of $180,000, the amount that Aouad personally gained from his criminal conduct. *Id.* at 9.

After two hearings that closely scrutinized the Government's estimates, this Court sentenced Aouad to seventy months in prison and ordered restitution, jointly and severally with various co-conspirators, of nearly $5.4 million. J., ECF No. 53 (N. 12-570). Aouad appealed.

The Third Circuit enforced Aouad's appellate waiver and summarily affirmed his conviction and sentence on Sept. 8, 2014. USCA Mandate, ECF No. 60 (No. 12-570).

Aouad or Petitioner filed a section 2255 motion in the consolidated Massachusetts action on Sept. 2, 2016. First Pet., ECF No. 33 (No. 13-426). The motion claims that his counsel rendered ineffective assistance by failing to request a restitution hearing or challenge the constitutionality of a restitution order without "proof of jury." *Id.* at 4. Aouad filed a separate section 2225 motion in the Pennsylvania action on Dec. 9, 2016, similarly alleging that his counsel rendered ineffective assistance at sentencing for failing to challenge the restitution amount applied to his case. Second Pet. 6, ECF No. 65 (No. 12-570).[1] Aouad also requests a new "restitution hearing." *Id*. at 14. This Court now considers both motions.

## STANDARD OF REVIEW

Under section 2255(a), a "prisoner in custody . . . claiming the right to be released" may, in certain circumstances, "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(b) requires an evidentiary hearing for all motions brought pursuant to this statute "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Where the record . . . indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015) (citing *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985)); *see also United States v. Tuyen Quang Pham*, 587 Fed. App'x 6, 8 (3d Cir. 2014).

---

[1] Petitioner initially attempted to file his motions on Aug. 15, 2016, but did not use this Court's current standard form. *See* ECF Nos. 31 and 32 (No. 13-426) and ECF Nos. 61 and 62 (No. 12-570).

## DISCUSSION

Although the parties have not raised the issue of timeliness, it is evident that both section 2255 motions are time-barred. In any event, Petitioner requests relief that is not legally cognizable under section 2255 because he is only attacking the monetary portion of his sentence, not his physical custody. Thus, he is not entitled to relief as a matter of law.

**A. The Motions Are Time-barred**

Section 2255 contains a one-year statute of limitations, which starts from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f)(1)-(4).

The instant motions are untimely under any of the foregoing provisions. For purposes of section 2255(f)(1), a defendant's judgment of conviction does not become "final" until the date of the "decision on direct review that 'precludes further controversy on the questions passed upon,' the one 'from which no appeal or writ of error can be taken.'" *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) (quoting WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE 532 (1989 ed.)). In case the appellant does not file a

petition for a writ of certiorari, then the decision of the court of appeals becomes final on the date the ninety-day period for seeking certiorari review expires. *Id*. at 570.

Petitioner's judgment of conviction and sentencing became final on December 8, 2014, the first business day after the ninety-day period for seeking certiorari review of the Third Circuit's Sept. 8, 2014 decision. Petitioner had until December 8, 2015 to file a section 2255 motion pursuant to section 2225(f)(1). He filed his first motion almost one year late on September 9, 2016, and filed his second motion a full year late on December 9, 2016.[2]

None of the three other provisions rehabilitates the motions. Section 2255(f)(2) does not apply because Petitioner does not allege that he was prevented from making a motion by any governmental action. Neither does Section 2255(f)(3) apply because Petitioner identifies no newly recognized right made retroactively applicable to this case. Nor does Petitioner satisfy the "due diligence" requirement under Section 2255(f)(4). To be duly diligent under this statute, a litigant must file his motion within one year "from the date on which he should have discovered the facts underlying the claims made in the § 2255 motion." *United States v. Johnson*, 590 F. App'x 176, 178-79 (3d Cir. 2014) (citing *Wims v. United States,* 225 F.3d 186, 190 (2d Cir. 2000)). Petitioner's claim is based on allegations that his attorney failed to request a restitution hearing and failed to require the victim banks to submit affidavits attesting to the accuracy of their loss calculations. *See* Pet.'s Resp. 1-6, ECF No. 71 (No. 12-0570). To bolster his claims, he submits publicly available tax records for the properties in question. *Id.* at 11-24. This information was easily accessible during the year after his judgment was made final.

Equitable tolling does not save the motions. *See Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 619 n. 1 (3d Cir. 1998) (section 2255's time limitations are subject to equitable

---

[2] Even if the limitations period was tolled on August 15, 2016, when Petitioner first attempted to file his motions on the wrong form, his motions would still be almost a year late.

tolling); *Johnson*, 590 F. App'x at 179.  To toll the limitations period, the petitioner bears the burden of showing: "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (*Holland v. Florida,* 560 U.S. 631 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Again, there are is no indication that Petitioner was duly diligent in pursuing his rights. The information upon which his claims are based was accessible to him during the relevant time period.  Neither the motions nor any other filings in the record suggest that Petitioner faced the requisite "extraordinary circumstances" required to toll the relevant statute of limitations, a power that the court should invoke "only sparingly." *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted).

The motions are therefore time-barred.

**B. The Requested Relief Is Not Available under Section 2255**

Even assuming the timeliness of the motions, Petitioner's attack on his restitution order is not a cognizable claim under section 2255.

By its terms, section 2255 is limited to prisoners "in custody" who are "claiming the right to be released."  28 U.S.C. § 2255(a).  The statute does not mention any other form of relief.  The Third Circuit has held "that the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes." *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) (citing *Obado v. New Jersey,* 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."))[3]

---

[3] Other circuit courts have similarly held that "fines, restitution orders, and other monetary penalties are insufficient to meet the 'in custody' requirement.'" *Ross*, 801 F.3d at 380–81 (collecting cases).

Petitioner is not claiming the right to be free from physical custody. Instead, he seeks a new hearing on restitution based on the alleged ineffectiveness of his defense counsel. Because Petitioner is using section 2255 to attack his restitution order, not his term of imprisonment, he has not met the "in custody" requirement of section 2255. *See Awe v. United States,* No. 15-cv-8155, 2017 WL 1157865, at *1-5 (D.N.J. Mar. 27, 2017) (denying section 2255 petition, in part because it sought only to attack a $1.2 million restitution order and did not "in any way address [the petitioner's] physical custody."). That Petitioner framed his claim in terms ineffective assistance of counsel "does not change this result." *Id.* at *5 (citing *United States v. Trimble*, 12 F. Supp. 3d 742, 746 (E.D. Pa. 2014)).

## IV. Certificate of Appealability

A certificate of appealability is denied. Under section 2255 (c), petitioner may not appeal from the final order in the instant proceeding unless he could demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner's claim and requested relief are legally untenable for the foregoing reasons, and no reasonable jurist would find otherwise.

## CONCLUSION

Petitioner is time-barred from seeking relief under section 2255. Even if his motions were timely, his claims and requested relief are not legally cognizable under this statute. The motions are therefore denied with prejudice.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.